IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CENTENNIAL HEALTHCARE CORP., GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 1:05-CV-2012 |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Plaintiff-in-Counterclaim,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant-in-Counterclaim. | |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Cross-Claimant,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Cross-Respondents. | |

## RESPONSE IN OPPOSITION TO GENERAL STAR INDEMNITY COMPANY'S MOTION TO DISMISS CENTENNIAL HEALTHCARE CORP.'S COUNTERCLAIM AND CROSS-CLAIM FOR DECLARATORY JUDGMENT

Centennial Healthcare Corp. ("Centennial") responds to the Motion to Dismiss Centennial Healthcare Corp.'s Counterclaim and Cross-Claim (the "Motion to Dismiss") filed by General Star Indemnity Company ("General Star") as follows:

## BACKGROUND

On August 1, 2005, Plaintiff Evanston Insurance Company ("Evanston") filed an action for declaratory judgment. Evanston seeks a determination of the parties' rights and obligations under an insurance policy it issued to Centennial.

On September 30, 2005, Centennial responded to Evanston's action for declaratory judgment and asserted both a Counterclaim against Evanston and Cross-Claims against General Star, National Union Fire Insurance Company of Pittsburg, PA ("National Union"), and American International Specialty Lines Insurance Company ("AISLIC"). In its Counterclaim and Cross-Claims Centennial seeks an adjudication of the rights of the parties under the Third Amended Joint Plan of Reorganization (the "Plan"),[1] which, among other things,

---

[1] Centennial, as stated in previous pleadings before this Court, filed a voluntary Chapter 11 bankruptcy in 2002. In June 2004, the Bankruptcy Court approved

provides a procedure for handling numerous personal injury claims that have been filed across the country against Centennial. Specifically, Centennial seeks an interpretation of the portions of the Plan that deal with personal injury claimants that elected, or were deemed to have elected, the "Insurance Option" under the Plan.

Centennial asserts that under the Plan, the election or deemed election of the "Insurance Option" results in a claimant:

a. irrevocable waiving any right to receive a distribution under the Plan from the bankruptcy estates on account of such claim;

b. irrevocable waiving any right to pursue any claim or cause of action arising prior to the Plan's confirmation date against Centennial or any "Related Third Party," as defined in the Plan, except for the sole purpose of establishing a right to receive applicable proceeds of any insurance policy under which such Related Third Party is insured;

c. being authorized to continue litigation that was pending on the petition date against Centennial or any Related Third Party or commence litigation against Centennial and any Related Third Party in a court of competent jurisdiction;

---

Centennial's bankruptcy plan.

provided, however, that any such litigation may be maintained solely for the purpose of establishing a right to receive applicable insurance proceeds, if any; and

    d. being authorized to commence litigation directly against any insurance company if such cause of action is available under non-bankruptcy law.

Further, a claimant's election or deemed election of the "Insurance Option" has the effect of:

    a. relieving Centennial, its estate or any Related Third Party from any personal liability (except to the extent of applicable insurance proceeds) on account of any judgment entered in a claimant's litigation;

    b. requiring the insurance company or companies providing insurance coverage for an applicable policy period to be responsible for the defense of any such claim and the payment of any judgment, subject to the provisions and limits of any applicable insurance policy and applicable non-bankruptcy law; and

    c. if and to the extent that insurance proceeds are not available for the payment of the claim (whether because of exhaustion, defenses to coverage, insolvency, or any other reason), extinguishing a claimant's claim against Centennial or any Related Party or any right to any distribution under the Plan.

On November 28, 2005, General Star filed its Motion to Dismiss Centennial's Cross-Claim against it. General Star contends that its Motion to Dismiss should be granted because Centennial's Cross-Claim fails to allege any dispute or controversy between Centennial and General Star. <u>See</u> Motion to Dismiss at p.6.

Also on November 28, 2005, General Star filed its Cross-Claim against Centennial. In its Cross-Claim, General Star seeks a determination of the rights and obligations of it and Centennial under two insurance policies it issued to Centennial (the "General Star Policies").

## ARGUMENT

General Star, while claiming there is not controversy between it and Centennial, simultaneously seeks the Court to adjudicate the parties' respective rights and obligations under the General Star Policies. Any decision that interprets the impact of the General Star Policies on General Star and Centennial requires the Court to interpret the Plan and its impact on the General Star Policies.[2] Consequently, the Court will have to interpret the Plan if it is to rule on General Star's Cross-Claim. Accordingly, if a dispute exists between the parties regarding

---

[2] General Star's request that this Court interpret its obligations and duties under the General Star Policies is in fact premised upon Centennial obtaining a bankruptcy discharge, as provided by the Plan.

LEGAL_US_E # 70300103 2

the General Star Policies, the resolution of that dispute requires an analysis of the terms of the Plan. For that reason alone, the Court Should deny General Star's Motion to Dismiss.

In the alternative, General Star may be asserting that no controversy exists between it and Centennial because General Star agrees with and accepts Centennial's interpretation of the Plan and its impact on the rights, duties, and obligations of the General Star Policies. If so, because of the continuing controversy between Centennial and the remaining parties regarding Centennial's interpretation of the Plan and its effect on the rights, duties, and obligations of the parties, the Court should enter a judgment on Centennial's Cross-Claim against General Star in favor of Centennial. This judgment should expressly recognize General Star's agreement with the interpretation of the Plan expressed by Centennial in its Cross-Claim.

## CONCLUSION

For the foregoing reasons, Centennial requests that this Court deny General Star's Motion to Dismiss or, alternatively, enter a judgment in favor of Centennial on its Cross-Claim against General Star.

Dated: December 15, 2005                By:   /s  R. Matthew Martin
                                                   R. Matthew Martin
                                                   Georgia Bar No. 473450
                                                   Donald H. Crawford
                                                   Georgia Bar No. 141753
                                                   PAUL, HASTINGS, JANOFSKY &
                                                   WALKER LLP
                                                   600 Peachtree Street, N.E., Suite 2400
                                                   Atlanta, GA  30308-2222
                                                   Telephone:(404) 815-2400
                                                   Facsimile: (404) 815-2424
                                                   mattmartin@paulhastings.com
                                                   donaldcrawford@paulhastings.com

*Attorneys for Defendant/Plaintiff-in-Counterclaim/Cross-Claimant, Centennial Healthcare Corp.*

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CENTENNIAL HEALTHCARE CORP., GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 1:05-CV-2012 |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Plaintiff-in-Counterclaim,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant-in-Counterclaim. | |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Cross-Claimant,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Cross-Respondents. | |

# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I electronically filed the Response in Opposition to General Star Indemnity Company's Motion to Dismiss Centennial Healthcare Corp.'s Counterclaim and Cross-Claim for Declaratory Judgment with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following attorneys of record:

>David W. Cranshaw, Esq.
>Robert C. Threlkeld, Esq.
>Morris, Manning & Martin LLP
>3433 Peachtree Road N.E.
>Suite 1600
>Atlanta, GA 30326
>
>*Counsel for Plaintiff/Counter-Defendant*

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Meryl Lieberman, Esq.
>Jonathan R. Harwood, Esq.
>Traub Eglin Lieberman Straus LLP
>Mid-Westchester Executive Park
>Seven Skyline Drive
>Hawthorne, NY 10532
>
>*Of Counsel for Plaintiff/Counter-Defendant*

>/s  R. Matthew Martin
>R. Matthew Martin