IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br>　　　　Plaintiff,<br>　v.<br><br>CENTENNIAL HEALTHCARE CORP., GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTYLINES INSURANCE COMPANY,<br>　　　　Defendants. | Case No. 1:05cv2012-WSD |

CENTENNIAL HEALTHCARE CORP.,
　　　Plaintiff-in-Counterclaim
　v.

EVANSTON INSURANCE COMPANY
　　　Defendant-in-Counterclaim

CENTENNIAL HEALTHCARE CORP.,
　　　Cross-Claimant
　v.

GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY
　　　Cross-Respondents

GENERAL STAR INDEMNITY COMPANY,

|              Cross-Claimant       | ) |
| v.                                | ) |
|                                   | ) |
|                                   | ) |
| CENTENNIAL HEALTHCARE CORP.       | ) |
|              Cross-Respondent     | ) |
| _____ | ) |

**GENERAL STAR INDEMNITY COMPANY'S REPLY TO RESPONSE IN OPPOSITION TO GENERAL STAR INDEMNITY COMPANY'S MOTION TO DISMISS CENTENNIAL HEALTHCARE CORP.'S COUNTERCLAIM AND CROSS-CLAIM FOR DECLARATORY JUDGMENT**

Defendant and Cross-Respondent, General Star Indemnity Company (hereinafter "General Star"), by counsel, hereby submits its Reply to Centennial Healthcare Corp.'s Response in Opposition to General Star's Motion to Dismiss Centennial Healthcare Corp.'s Counterclaim and Cross-Claim for Declaratory Judgment. For its Reply General Star states:

General Star seeks dismissal of Centennial's Cross-Claim on the ground that it fails to allege an actual controversy, since all the Cross-Claim really does is ask this Court to interpret the Chapter 11 reorganization plan entered by the Bankruptcy Court, in Centennial's *still-pending* bankruptcy proceeding. Remarkably, in its Opposition, Centennial agrees with General Star's reading of the Cross-Claim, freely admitting:

> *In its Cross-Claims Centennial seeks an adjudication of the rights of the parties under the Third Amended Joint Plan of Reorganization . . . .". Specifically, Centennial seeks an interpretation of the portions of the Plan that deal with personal injury claimants that elected, or were deemed to have elected, the 'Insurance Option' under the Plan.*

2

Centennial's Opposition at pp. 2-3.

Centennial thus agrees with General Star that the Centennial Cross-Claim does *not* seek an adjudication of Centennial's and General Star's respective rights under the General Star insurance policies. Rather, Centennial admits that what it is really asking this Court to do is to decree what Centennial's rights might be *under the bankruptcy plan*, with respect Centennial's future, potential obligations to the personal injury claimants. Neither Evanston's Complaint for Declaratory Judgment nor General Star's Cross-Claim for Declaratory Judgment seeks an interpretation of Centennial's obligations to personal injury claimants under the bankruptcy plan.[1]

---

[1] This declaratory judgment action was contemplated to provide a forum for deciding the levels of liability, if any, of Centennial's various insurance companies with respect to tort claims brought by third parties through an examination of those insurers' respective policies and an examination of the nature of the tort claims and the timing of when those claims arose or were made and/or reported. This forum should not be used by Centennial as a means of determining its liability with respect to the tort claimants or interpreting its bankruptcy plan because the appropriate forum for that determination is the Bankruptcy Court. In fact, Centennial itself recognized that this Court is not the proper forum for determining issues arising under the bankruptcy plan by stating that the interpretation of the bankruptcy plan "is a bankruptcy issue which should be resolved by [the Bankruptcy Court]." (See, Reorganized Debtors Response and Objection to Motion of the Evanston Insurance Co. to Modify or Construe Discharge Injunction to Allow Evanston to File Declaratory Judgment Action to Determined Coverage Issues Under Insurance Policy and for Allowance of Late Filed Claim and four Other Relief, Bankruptcy Case No. 02-74974, June 21, 2005, Docket No. 2761, paragraph 11).

Centennial's admission establishes that its Cross-Claim fails to allege an actual controversy with General Star for several reasons. First, whether or not the bankruptcy plan potentially requires Centennial, or its bankruptcy estate, to pay money to the personal injury claimants is plainly not a fight between Centennial and General Star. Centennial's potential fight over that issue, if any, is with the personal injury claimants, who are not parties to Centennial's Cross-Claim.

Second, surely the Bankruptcy Court which confirmed Centennial's reorganization plan in the first place, and which is still actively engaged in the interpretation and implementation of that plan, is in a better position than this Court to interpret that plan, and to answer Centennial's question whether the plan might someday require it to pay the personal injury claimants. Indeed, allowing Centennial to simultaneously litigate that question here, in this Court, and in the Bankruptcy Court, gives rise to a very real risk of inconsistent adjudications.

Nor does the fact that General Star has filed its own declaratory judgment Cross-Claim against Centennial have any bearing on the viability of Centennial's Cross-Claim. The two Cross-Claims, after all, seek entirely different relief. General Star seeks an interpretation of its rights and obligations under the General Star insurance policies. At issue are questions such as whether the policies' insuring clauses are even triggered, and if so, whether certain coverage exclusions may apply. Centennial's Cross-Claim, on the other hand, does not even address

the terms, conditions, or exclusions in the General Star policies, or whether those policies provide coverage for the underlying personal injury claims. Centennial's Cross-Claim instead seeks an interpretation of its potential obligations under the bankruptcy plan with respect to the personal injury claimants.

Finally, Centennial proposes that this Court should reward Centennial's failure to allege an actual controversy between it and General Star by simply granting it the declaratory judgment it seeks, *ex parte*, while denying General Star's motion to dismiss. General Star suggests a better alternative. Since a declaratory judgment in the absence of an actual controversy would exceed this Court's subject matter jurisdiction under the Declaratory Relief Act, the Court should instead dismiss Centennial's Cross-Claim regarding interpretation of the bankruptcy plan, and allow the Bankruptcy Court to continue to interpret and implement the plan. Meanwhile, Centennial should simply answer General Star's Cross-Claim seeking an adjudication of its obligations under the General Star policies, just as Centennial has already answered Evanston Insurance Company's similar declaratory relief complaint.

In view of the foregoing, the Court should grant General Star's Motion to Dismiss.

Respectfully submitted,

THE COVERAGE LAW FIRM, PLLC

*/s/ B. Gerard Cordelli*

B. Gerard Cordelli, Esq. (Admitted Pro Hac Vice)
The Coverage Law Firm, PLLC
1629 K Street, NW
Suite 802
Washington, DC 20016
202.785.4134
202.785.0820 facsimile
bgcordelli@thecoveragelawfirm.com


-and-

TROUTMAN SANDERS LLP



Thomas R. Walker, Esq.
Georgia Bar No. 732755
Troutman Sanders, LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
404.885.3685 telephone
404.962.6738 facsimile
thomas.walker@troutmansanders.com

Co-Counsel for General Star Indemnity Company

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005, I electronically filed the above with the Clerk of Court using the CM/EF system which will send electronic notification of such filing to counsel of record at the below electronic mail address:

David W. Cranshaw, Esq.
Robert C. Threlkeld, Esq.
Morris Manning & Martin
3343 Peachtree Road, N.E.
1600 Atlanta Financial Center
Atlanta, GA 30326-1044
404.233.7000
dwc@mmmlaw.com
rthrelkeld@mmmlaw.com

Robert Matthew Martin, Esq.
Paul Hastings Janofsky & Walker
600 Peachtree Street, N.E.
Suite 2400
Atlanta, GA 30308-2222
404.815.2205
mattmartin@paulhastings.com

Henry E. Scrudder, Jr., Esq.
Teddy L. Sutherland, Esq.
Sommers, Scrudder & Bass LLP
900 Circle 75 Parkway
Suite 850
Atlanta, GA 30339-3084
770.612.9200
tsutherland@ssblaw.net

THE COVERAGE LAW FIRM, PLLC

_____
B. Gerard Cordelli, Esq. (Pro Hac Vice)

>The Coverage Law Firm, PLLC
>1629 K Street, NW
>Suite 802
>Washington, DC 20016
>202.785.4134
>202.785.0820 facsimile
>bgcordelli@thecoveragelawfirm.com