IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CENTENNIAL HEALTHCARE CORP., GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 1:05cv2012-WSD |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Plaintiff-in-Counterclaim,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant-in-Counterclaim. | |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Cross-Claimant,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Cross-Respondents. | |

## MEMORANDUM IN OPPOSITION TO GENERAL STAR INDEMNITY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE ALMA HOUSTON CLAIM

Centennial Healthcare Corp. ("Centennial") respectfully files this Memorandum in Opposition to General Star Indemnity Company's Motion for Partial Summary Judgment Against Centennial Healthcare Corp. Regarding the Alma Houston Claim ("General Star's Motion"):

### I.     PRELIMINARY STATEMENT

General Star Indemnity Company ("General Star") seeks a declaratory judgment that its two policies of Commercial General Liability and Healthcare Facility Professional Liability Insurance (the "General Star Policies"), covering Centennial with respect to the operations at the "Lafayette Healthcare Center" nursing home (the "Facility"), provide no indemnity coverage for the claims of the estate of a former patient, Alma Houston. At the outset, Centennial notes that General Star seeks summary judgment on an issue that will have no financial or other impact upon Centennial. As discussed below, under Centennial's Third Amended Joint Plan of Reorganization (the "Plan"), confirmed on June 22, 2004, Ms. Houston's estate has no claim against Centennial. The estate's sole recourse for Ms. Houston's alleged injuries is against any applicable insurance policy. Simply stated, aside from General Star, the only entity with a financial stake in this dispute -- Ms. Houston's estate -- is not a party to this case.

General Star's Motion for Partial Summary Judgment is based upon a single factual premise – "Alma Houston died from complications of a hip fracture, sustained in a fall at the Facility *a full seven months after General Star's coverage had expired.*" *See* General Star's Memorandum, p. 2 (emphasis in original).[1]

Based upon that premise, General Star asserts:

> The relevant injury and damages here – Ms. Houston's hip fracture and the ensuing complications allegedly leading to her death – indisputably occurred well *after* the expiration of the last General Star policy period. *See* General Star Memorandum, pp. 2-3.

Centennial agrees that the General Star Policies only apply if "[t]he bodily injury or property damage occurs during the policy period." *See* General Star Memorandum, p. 6. Centennial also agrees that the General Star Policies apply to damages only if "[t]he professional incident takes place during the policy period." *Id.* As evidenced by the exhibits to General Star's own motion, however, Ms. Houston's estate does assert certain claims based upon alleged professional incidents within the General Star policy period, and, accordingly, the Motion for Partial Summary Judgment should be denied.

## II.   STATEMENT OF FACTS

### A.   The General Star Policies

General Star issued policy number IYG 367505 to Centennial Health Care

---

[1]   The second and last General Star policy expired on December 31, 2000.

Corporation and various other "Named Insureds" for the period from July 15, 1999 to July 15, 2000. General Star issued policy number IYG 370361 (the Second Policy) to Centennial Health Care Corporation and various other "Named Insureds" for the period from July 15, 2000 to December 31, 2000.

Section I, Coverage A, of the General Star Policies, entitled "Bodily Injury and Property Damage Liability," provides:

> 1.  Insuring Agreement
>
>     a.  We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. . . .
>
>     b.  This insurance applies to "bodily injury" and "property damage" only if:
>
>     \*\*\*\*\*\*\*\*\*\*
>
>     (2) The "bodily injury" or "property damage" occurs during the policy period.

The policies' Insuring Agreement for Coverage P, "Health Care Facility Professional Liability," as amended by Endorsement No. 2, similarly provides:

> 1.  Insuring Agreement
>
>     a.  We will pay those sums that the insured becomes legally obligated to pay as "damages" because of a "professional incident" to which this insurance applies. . . .
>
>     b.  This insurance applies to "damages" only if:

- 4 -

\*\*\*\*\*\*\*\*\*\*

> (2) The "professional incident" takes place during the policy period.

As noted above, the policy period under the Second Policy ended on December 31, 2000.

### B. The Houston Claim

Ms. Houston was a patient at the Facility from June 23, 2000 until September 25, 2001.[2] On July 22, 2001, Ms. Houston fell and fractured her hip. She was hospitalized for hip surgery immediately after her fall and then returned to the Facility. On September 25, 2001, she was found cyanotic and unresponsive in her room and was discharged to an unrelated facility. She died on October 13, 2001.

On February 17, 2003, Ms. Houston's estate, acting though her "personal representative," filed suit in the Circuit Court of the Third Judicial Circuit, in and for Lafayette County, Florida. A copy of the Complaint, as amended (the "Houston Complaint"), is attached to General Star's Motion for Partial Summary Judgment. *See* GENSAR04752-61 and GENSTAR04706-12.

### C. Centennial's Bankruptcy Proceedings

---

[2]   The facts underlying the Houston claim are set forth at pages 3-4 of General Star Indemnity Company's Memorandum of Law in Support of Its Motion for Partial Summary Judgment Against Centennial Healthcare Corp. Regarding the Alma Houston Claim ("General Star's Memorandum").

On June 22, 2004, the United States Bankruptcy Court for the Northern District of Georgia entered an order (the "Confirmation Order"), confirming the Plan. Copies of the Confirmation Order and Plan are attached as Exhibits 1 and 2 to Centennial's Answer and Counterclaim and Cross-Claim for Declaratory Judgment filed September 30, 2005.

The Houston dispute is an "Insurance Option" claim. Under the Plan, the election or deemed election of the "Insurance Option" constitutes an irrevocable waiver of any right to receive a distribution under the Plan from the bankruptcy estates. The election or deemed election of the Insurance Option further constitutes an irrevocable waiver by Ms. Houston's estate of any right to pursue any claim or cause of action arising prior to the Plan's confirmation date against Centennial or any "Related Third Party," as defined in the Plan, except for the sole purpose of establishing a right to receive applicable proceeds of any insurance policy under which such Related Third Party is insured. As a result of the "Insurance Option" election, Ms. Houston's estate has no claim against Centennial for any injuries arising out of or related to her treatment at the Facility.

Under the Plan, any claimant who elected or is deemed to have elected the Insurance Option may, after the Plan's Effective Date, continue litigation that was pending on the petition date against Centennial or any Related Third Party or may commence litigation against Centennial and any Related Third Party in a court of

competent jurisdiction; *provided, however*, that any such litigation may be maintained solely for the purpose of establishing a right to receive applicable insurance proceeds, if any. Neither Centennial, its bankruptcy estate, nor any Related Third Party has any personal liability (except to the extent of applicable insurance proceeds) on account of any judgment entered in such litigation.

Alternatively, the Plan allows a claimant like Ms. Houston's estate to commence litigation directly against any insurance company if such a cause of action is available under non-bankruptcy law. The Plan provides that the insurance company or companies providing insurance coverage for an applicable policy period shall be responsible for the defense of any such claim and the payment of any judgment, subject to the provisions and limits of any applicable insurance policy and applicable non-bankruptcy law. The Plan further provides that if and to the extent that insurance proceeds are not available for the payment of the claim (whether because of exhaustion, defenses to coverage, insolvency, or any other reason), Insurance Option claimants shall have no claim against Centennial or any Related Party or any right to any distribution under the Plan.

### III. ARGUMENT AND CITATION OF AUTHORITIES

#### A. The Alma Houston Claim Is Based, In Part, Upon Professional Incidents During The General Star Policy Period.

The Houston Complaint is an exhibit to General Star's Motion for Partial Summary Judgment. Paragraph 6 of the Complaint alleges:

> While a resident at LAFAYETTE HEALTHCARE CENTER, Plaintiff experienced multiple falls, including a fall which resulted in a fractured hip. Additionally Plaintiff acquired multiple pressure sores and suffered from adequate care and treatment from the date of her admission on June 23, 2000, through the date of her discharge on September 25, 2001. *See* GENSTAR044753.

Thus, the Complaint seeks damages for "multiple falls" and "multiple pressure sores" from the date of Ms. Houston's admission, June 23, 2000. Any claim based upon Ms. Houston's care from June 23, 2000 until December 31, 2000 falls squarely within the policy period set forth in the General Star Policies.

**B.    No "Actual Controversy" Exists Between General Star and Centennial.**

A District Court's statutory jurisdiction to issue a declaratory judgment hinges upon the existence of an "actual controversy with its jurisdiction." 28 U.S.C.A. § 2201. Only where such an "actual controversy" exists, "may [the Court] declare the rights and other legal relations of any interested party seeking such declaration...." *Id.*

On September 30, 2005, Centennial asserted a Counterclaim against plaintiff, Evanston Insurance Company, and Cross-Claims against General Star and others. In its Counterclaim and Cross-Claims, Centennial sought an adjudication of the rights of the parties under the Plan. On November 28, 2005, General Star filed its Motion to Dismiss Centennial's Cross-Claim. General Star argued that Centennial's Cross-Claim failed to allege any dispute or controversy between

- 8 -

Centennial and General Star. *See* Motion to Dismiss at p. 6. The Court granted General Star's motion.

General Star's Motion for Partial Summary Judgment suffers from the same defect. Bluntly stated, Centennial "no longer has a dog in this fight." General Star is defending the Houston claim. If General Star prevails, then Ms. Houston's estate will have no claim against the General Star Policies. If the estate prevails, its recourse under the Plan will be limited to any available insurance coverage. If the estate attempts to assert a claim against General Star, any decision of this Court construing the General Star Policies will have no collateral estoppel or *res judicata* effect. Given these undisputed facts, this case is not one where the Court should exercise its jurisdiction and issue a meaningless order.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Centennial requests that this Court deny General Star's Motion.

Dated: January 5, 2007

By: /s R. Matthew Martin
R. Matthew Martin
Georgia Bar No. 473450
Donald H. Crawford
Georgia Bar No. 141753
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA  30308-2222
Telephone:(404) 815-2400
Facsimile: (404) 815-2424
mattmartin@paulhastings.com
donaldcrawford@paulhastings.com

*Attorneys for Defendant/Plaintiff-in-Counterclaim/Cross-Claimant, Centennial Healthcare Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>v.<br><br>CENTENNIAL HEALTHCARE CORP., GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>　　Defendants. | CIVIL ACTION NO. 1:05cv2012-WSD |
| CENTENNIAL HEALTHCARE CORP.,<br><br>　　Plaintiff-in-Counterclaim,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>　　Defendant-in-Counterclaim. | |
| CENTENNIAL HEALTHCARE CORP.,<br><br>　　Cross-Claimant,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>　　Cross-Respondents. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I electronically filed the Memorandum in Opposition to General Star Indemnity Company's Motion for Partial Summary Judgment Against Centennial Healthcare Corp. Regarding the Alma Houston Claim with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following attorneys of record:

> David W. Cranshaw, Esq.
> Robert C. Threlkeld, Esq.
> Morris, Manning & Martin LLP
> 3433 Peachtree Road N.E.
> Suite 1600
> Atlanta, GA 30326
>
> *Counsel for Plaintiff/Counter-Defendant*

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Meryl Lieberman, Esq.
> Jonathan R. Harwood, Esq.
> Traub Eglin Lieberman Straus LLP
> Mid-Westchester Executive Park
> Seven Skyline Drive
> Hawthorne, NY 10532
>
> *Of Counsel for Plaintiff/Counter-Defendant*

/s  R. Matthew Martin
R. Matthew Martin

LEGAL_US_E # 73853266.1