IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CENTENNIAL HEALTHCARE CORP., GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 1:05cv2012-WSD |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Plaintiff-in-Counterclaim,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant-in-Counterclaim. | |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Cross-Claimant,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Cross-Respondents. | |

# MEMORANDUM IN OPPOSITION TO GENERAL STAR INDEMNITY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE JUANITA RHINE CLAIM

Centennial Healthcare Corp. ("Centennial") respectfully files this Memorandum in Opposition to General Star Indemnity Company's Motion for Partial Summary Judgment Against Centennial Healthcare Corp. Regarding the Juanita Rhine Claim ("General Star's Motion"):

## I. PRELIMINARY STATEMENT

General Star Indemnity Company ("General Star") seeks a declaratory judgment that its two policies of Commercial General Liability and Healthcare Facility Professional Liability Insurance (the "General Star Policies"), covering Centennial with respect to the operations at the "Winona Manor Nursing Home Center" (the "Facility"), provide no indemnity coverage for the claims of the estate of a former patient, Juanita Rhine. At the outset, Centennial notes that General Star seeks summary judgment on an issue that will have no financial or other impact upon Centennial. As discussed below, under Centennial's Third Amended Joint Plan of Reorganization (the "Plan"), confirmed on June 22, 2004, Ms. Rhine's estate has no claim against Centennial. The estate's sole recourse for Ms. Rhine's alleged injuries is against any applicable insurance policy. Simply stated, aside from General Star, the only entity with a financial stake in this dispute -- Ms. Rhine's estate -- is not a party to this case.

Ms. Rhine was a patient at the Facility from October 1998, until she was hospitalized on June 11, 2002. She died on July 1, 2002. The second and last General Star policy expired on December 31, 2000.

Centennial filed for bankruptcy protection on December 20, 2002. The automatic stay imposed under 11 U.S.C. § 362 precluded the assertion of any claim by the Rhine estate. The Bankruptcy Court lifted the stay on August 31, 2004. The same day, Ms. Rhine's estate, acting though her "personal representative," filed suit in the Circuit Court of the Montgomery County, Mississippi. A copy of the Complaint (the "Rhine Complaint"), is attached to General Star's Motion for Partial Summary Judgment. *See* GENSAR07445-75.

General Star's Motion for Partial Summary Judgment is based upon the following premise – "Any bodily injury claims the Rhine estate may have had against Centennial during the General Star policy periods are time-barred, with the possible exception of claims arising during the last eleven days of the last General Star policy." *See* General Star's Memorandum, p. 2. General Star relies upon the two-year statute of limitation set forth in Mississippi Code Ann. 15-1-36(2), which provides:

> (2) For any claim accruing on or after July 1, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other

> professional services unless it is filed within two (2) years from
> the date the alleged act, omission or neglect shall or with
> reasonable diligence might have been first known or
> discovered, and, except as described in paragraphs (a) and (b)
> of this subsection, in no event more than seven (7) years after
> the alleged act, omission or neglect occurred.

Based upon its statute of limitations defense, General Star argues that the only claims that the Rhine estate may have against Centennial during the policy periods of the General Star Policies would be based upon acts or omissions from December 20, the date of the automatic stay, to December 31, 2002. As to those claims, General Star asserts:

> As to those eleven days, Centennial has failed to meet its
> burden of proving Ms. Rhine sustained any injury or damages
> for which it might be liable. *Id.*

Mississippi Code Annotated 15-1-36 (14), however, provides: "The limitation established by this section as to institutions for the aged or infirm shall apply only to actions the cause of which occurred on or after January 1, 2003." As discussed below, the three-year statute of limitations applicable to negligence actions, Mississippi Code Annotated 15-1-49 (2003), arguably governs here.

Centennial and General Star agree that any claim that could have been timely filed on December 20, 2002, the date of Centennial's chapter 11 filing, was preserved and could be pursued by Ms. Rhine's estate after the stay was lifted. This issue is what claims were preserved.

As evidenced by the exhibits to General Star's own motion, Ms. Rhine's

-4-

estate asserts claims based upon alleged professional incidents within the General Star policy period, including the period from December 20 to December 31, 2002, and, accordingly, the Motion for Partial Summary Judgment should be denied. Moreover, if a three-year statute of limitations governs, then claims allegedly occurring well within both policy periods were preserved. In either event, General Star's Motion for Partial Summary Judgment should be denied.

## II.  STATEMENT OF FACTS

### A.  The General Star Policies

General Star issued policy number IYG 367505 (the "First Policy") to Centennial Health Care Corporation and various other "Named Insureds" for the period from July 15, 1999 to July 15, 2000. General Star issued policy number IYG 370361 (the Second Policy) to Centennial Health Care Corporation and various other "Named Insureds" for the period from July 15, 2000 to December 31, 2000.

Section I, Coverage A, of the General Star Policies, entitled "Bodily Injury and Property Damage Liability," provides:

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. . . .

    b. This insurance applies to "bodily injury" and

- 5 -

"property damage" only if:

\*\*\*\*\*\*\*\*\*\*

 (2) The "bodily injury" or "property damage" occurs during the policy period.

The policies' Insuring Agreement for Coverage P, "Health Care Facility Professional Liability," as amended by Endorsement No. 2, similarly provides:

1. Insuring Agreement

  a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of a "professional incident" to which this insurance applies. . . .

  b. This insurance applies to "damages" only if:

\*\*\*\*\*\*\*\*\*\*

   (2) The "professional incident" takes place during the policy period.

As noted above, the policy period under the Second Policy ended on December 31, 2000.

### B. Ms. Rhine's Claims

Ms. Rhine was a patient at the Facility from October 1998, until she was hospitalized on June 11, 2002. She died on July 1, 2002. According to her Complaint, the defendants negligently acted or omitted to act in their provision of professional services to Juanita Rhine, including failing to provide her with adequate hygiene and sanitary care to prevent infection, adequate turning to

prevent pressure sores, proper wound care and medication to prevent the worsening of existing medical conditions, and with the care, treatment, and medications ordered by her physician. The Complaint further alleges that the defendants failed to ensure that Ms. Rhine received prompt care assessments, prescribed treatments, medications, and diet, and prompt nursing and medical intervention in response to significant changes in medical condition. *See* GENSTAR07450-52. The Complaint further alleges that the "wrongs complained of herein were of a continuing nature, and occurred throughout Juanita Rhine's stay at Defendants' facility." *See* GENSTAR07449.

Ms. Rhine's stay at the Facility encompasses the policy periods for both General Star policies. If a two-year statute of limitations applies, then claims based upon occurrences during the First Policy period, which ended on July 15, 2000, are time-barred, and only claims for the eleven day period from December 20 to December 31, 2002 survive. If a three year statute of limitations applies, then claims based upon occurrences on or after December 20, 1999, would be timely.

### C.  Centennial's Bankruptcy Proceedings

On June 22, 2004, the United States Bankruptcy Court for the Northern District of Georgia entered an order (the "Confirmation Order"), confirming the Plan. Copies of the Confirmation Order and Plan are attached as Exhibits 1 and 2

to Centennial's Answer and Counterclaim and Cross-Claim for Declaratory Judgment filed September 30, 2005.

The Rhine dispute is an "Insurance Option" claim. Under the Plan, the election or deemed election of the "Insurance Option" constitutes an irrevocable waiver of any right to receive a distribution under the Plan from the bankruptcy estates. The election or deemed election of the Insurance Option further constitutes an irrevocable waiver by Ms. Rhine's estate of any right to pursue any claim or cause of action arising prior to the Plan's confirmation date against Centennial or any "Related Third Party," as defined in the Plan, except for the sole purpose of establishing a right to receive applicable proceeds of any insurance policy under which such Related Third Party is insured. As a result of the "Insurance Option" election, Ms. Rhine's estate has no claim against Centennial for any injuries arising out of or related to her treatment at the Facility.

Under the Plan, any claimant who elected or is deemed to have elected the Insurance Option may, after the Plan's Effective Date, continue litigation that was pending on the petition date against Centennial or any Related Third Party or may commence litigation against Centennial and any Related Third Party in a court of competent jurisdiction; *provided, however*, that any such litigation may be maintained solely for the purpose of establishing a right to receive applicable insurance proceeds, if any. Neither Centennial, its bankruptcy estate, nor any

Related Third Party has any personal liability (except to the extent of applicable insurance proceeds) on account of any judgment entered in such litigation.

Alternatively, the Plan allows a claimant like Ms. Rhine's estate to commence litigation directly against any insurance company if such a cause of action is available under non-bankruptcy law. The Plan provides that the insurance company or companies providing insurance coverage for an applicable policy period shall be responsible for the defense of any such claim and the payment of any judgment, subject to the provisions and limits of any applicable insurance policy and applicable non-bankruptcy law. The Plan further provides that if and to the extent that insurance proceeds are not available for the payment of the claim (whether because of exhaustion, defenses to coverage, insolvency, or any other reason), Insurance Option claimants shall have no claim against Centennial or any Related Party or any right to any distribution under the Plan.

### III.  ARGUMENT AND CITATION OF AUTHORITIES

#### A.  The Juanita Rhine Claim Is Based, In Part, Upon Professional Incidents During The General Star Policy Period.

The Rhine Complaint is an exhibit to General Star's Motion for Partial Summary Judgment. Paragraph 17 of the Complaint alleges:

> The wrongs complained of herein were of a continuing nature, and occurred throughout Juanita Rhine's stay at Defendants' facility. *See* GENSTAR07449.

Thus, the Complaint seeks damages for pressure sores, infections, medication errors, disfigurement and poor hygiene from the date of Ms. Rhine's admission in October 1998, until her death on July 1, 2002. If General Star is correct, and Mississippi Code Annotated 15-1-36 (2) governs the claims of Ms. Rhine's estate, then any claim predating December 20, 2000, would be time-barred. Ms. Rhine was, however, a patient at the Facility during the eleven days from December 20 until December 31, 2000, and alleges injuries during that period. Gen Star acknowledges that claims for any injuries during those eleven days are preserved.

General Star notes that Ms. Rhine's estate cannot show any acts during those eleven days. As to this issue, *Jenkins v. Pensacola Health Trust, Inc.*, 933 So. 2d 923 (Miss. 2006), is illustrative. In *Jenkins*, the decedent lived at a nursing home from December 20, 1997, until her death on October 4, 2001. On December 31, 2002, the administratrix of her estate brought an action against the owner of the nursing home, alleging that the decedent sustained severe personal injuries ultimately leading to her death. Citing Mississippi's three-year statute of limitations for negligence, codified in Mississippi Code Annotated 15-1-49, the owner filed a motion for partial summary judgment, seeking to have the trial court dismiss all of the claims of tortious conduct that allegedly occurred prior to

December 31, 1999, *and* all claims for which the administratrix did not provide a specific date of occurrence. The trial court granted the motion.

As to the contention that the administratix had not provided specific dates of occurrence within the statute of limitations period, the Mississippi Supreme Court reversed. The court held that, since the statute of limitations is an affirmative defense, the defendant had to prove that the claims occurred outside the three-year statute. The Court held:

> Here, Pensacola plead the statute of limitations as a defense and must therefore show that the claims for which Jenkins did not provide a specific date of occurrence were barred by that statute. 933 So.2d at 927.

Thus, the fact that Rhine's estate does not specifically allege claims within the eleven day period from December 20, 2000 until December 31, 2000, does not mean that her claims are time barred.

Moreover, *Jenkins* suggests that the proper statute of limitations is the three-year statute provided by Mississippi Code Annotated 15-1-49, not the two-year statute upon which General Star relies, Mississippi Code Annotated 15-1-36 (2). On this issue, Mississippi Code Annotated 15-1-36 (14) provides:

> The limitation established by this section as to institutions for the aged or infirm shall apply only to actions the cause of which occurred on or after January 1, 2003.

Assuming that the three-year statute of limitations governs, if Ms.Rhine's estate had filed its Complaint on December 30, 2002, then claims based on acts or

omissions on or after December 31, 1999, would have been timely. Such claims fall within both period periods of the General Star Policies.

### B. No "Actual Controversy" Exists Between General Star and Centennial.

A District Court's statutory jurisdiction to issue a declaratory judgment hinges upon the existence of an "actual controversy with its jurisdiction." 28 U.S.C.A. § 2201. Only where such an "actual controversy" exists, "may [the Court] declare the rights and other legal relations of any interested party seeking such declaration...." *Id.*

On September 30, 2005, Centennial asserted a Counterclaim against plaintiff, Evanston Insurance Company, and Cross-Claims against General Star and others. In its Counterclaim and Cross-Claims, Centennial sought an adjudication of the rights of the parties under the Plan. On November 28, 2005, General Star filed its Motion to Dismiss Centennial's Cross-Claim. General Star argued that Centennial's Cross-Claim failed to allege any dispute or controversy between Centennial and General Star. *See* Motion to Dismiss at p. 6. The Court granted General Star's motion.

General Star's Motion for Partial Summary Judgment suffers from the same defect. Bluntly stated, Centennial "no longer has a dog in this fight." General Star is defending the Rhine's claim. If General Star prevails, then Ms. Rhine's estate will have no claim against the General Star Policies. If the estate prevails, its

recourse under the Plan will be limited to any available insurance coverage. If the estate attempts to assert a claim against General Star, any decision of this Court construing the General Star Policies will have no collateral estoppel or *res judicata* effect. Given these undisputed facts, this case is not one where the Court should exercise its jurisdiction and issue a meaningless order.

## IV.   CONCLUSION

For the foregoing reasons, Centennial requests that this Court deny General Star's Motion.

Dated: January 5, 2007

By:   /s R. Matthew Martin
R. Matthew Martin
Georgia Bar No. 473450
Donald H. Crawford
Georgia Bar No. 141753
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA 30308-2222
Telephone:(404) 815-2400
Facsimile: (404) 815-2424
mattmartin@paulhastings.com
donaldcrawford@paulhastings.com

*Attorneys for Defendant/Plaintiff-in-Counterclaim/Cross-Claimant,
Centennial Healthcare Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CENTENNIAL HEALTHCARE CORP., GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 1:05cv2012-WSD |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Plaintiff-in-Counterclaim,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant-in-Counterclaim. | |
| CENTENNIAL HEALTHCARE CORP.,<br><br>Cross-Claimant,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Cross-Respondents. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I electronically filed the Memorandum in Opposition to General Star Indemnity Company's Motion for Partial Summary Judgment Against Centennial Healthcare Corp. Regarding the Juanita Rhine Claim with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following attorneys of record:

>David W. Cranshaw, Esq.
>Robert C. Threlkeld, Esq.
>Morris, Manning & Martin LLP
>3433 Peachtree Road N.E.
>Suite 1600
>Atlanta, GA 30326
>
>*Counsel for Plaintiff/Counter-Defendant*

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Meryl Lieberman, Esq.
>Jonathan R. Harwood, Esq.
>Traub Eglin Lieberman Straus LLP
>Mid-Westchester Executive Park
>Seven Skyline Drive
>Hawthorne, NY 10532
>
>*Of Counsel for Plaintiff/Counter-Defendant*

/s R. Matthew Martin
R. Matthew Martin

LEGAL_US_E # 73866318.1